

**SHARON R. BOCK**
Clerk & Comptroller
Palm Beach County

**CASE NUMBER: 50-2019-CA-011441-XXXX-MB**
**CASE STYLE: GAVILANES, ROSENDO V WALMART INC**

Dockets & Documents ▾

Public = 🖺                    VOR = 🔒                    In Process = ◉
                                                          Page Size: 25 ▾

| | Docket Number | Effective Date | Description |
|---|---|---|---|
| 🖺 | 1 | 09/04/2019 | CIVIL COVER SHEET |
| 🖺 | 2 | 09/04/2019 | ~~CORRECT AND RESUBMIT SUMMONS NOT ISSUED DID NOT ISSUE; PLEASE CLARIFY DEFENDANT SEPARATE FROM RA |
| 🖺 | 3 | 09/04/2019 | COMPLAINT |
| 🖺 | 4 | 09/04/2019 | NOTICE OF EMAIL DESIGNATION |
| 🖺 | 5 | 09/04/2019 | NOTICE OF FILING INTERROGS |
| 🖺 | 6 | 09/04/2019 | REQUEST TO PRODUCE |
| | 7 | 09/10/2019 | DIVISION ASSIGNMENT |
| 🖺 | 8 | 09/10/2019 | PAID $411.00 ON RECEIPT 3320476 |
| 🖺 | 10 | 01/17/2020 | SUMMONS ISSUED |
| 🖺 | 9 | 01/21/2020 | ORDER DIRECTING SERVICE |
| 🖺 | 11 | 02/10/2020 | MOTION FOR EXTENSION OF TIME |
| 🖺 | 12 | 02/10/2020 | COMPLAINT |
| 🖺 | 13 | 04/07/2020 | NOTICE OF HEARING |
| 🖺 | 14 | 05/12/2020 | AGREED ORDER DHAFELE DTD 5/12/20 ON PLTS MOTION FOR EXTENSION OF TIME TO SERVE DFT WALMART INC- GRANTED |
| 🖺 | 15 | 05/19/2020 | SERVICE RETURNED (NUMBERED) |
| 🖺 | 16 | 06/01/2020 | ANSWER & AFFIRMATIVE DEFENSES |

Filing # 95177259 E-Filed 09/04/2019 06:35:40 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Rosendo Gavilanes</u>
Plaintiff
vs.
<u>Walmart INC</u>
Defendant

### II.    TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☒ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.    **REMEDIES SOUGHT** (check all that apply):
- ☒  Monetary;
- ☐  Non-monetary declaratory or injunctive relief;
- ☐  Punitive

IV.    **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

<u>1</u>

V.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐  Yes
- ☒  No

VI.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒  No
- ☐  Yes – If "yes" list all related cases by name, case number and court:

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒  Yes
- ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Marcelo Uriel Montesinos</u>       FL Bar No.: <u>126519</u>
     Attorney or party                                                                (Bar number, if attorney)

<u>Marcelo Uriel Montesinos</u>       <u>09/04/2019</u>
     (Type or print name)                          Date

Filing # 95177259 E-Filed 09/04/2019 06:35:40 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

ROSENDO GAVILANES,
      Plaintiff,

vs.

WALMART INC., a Foreign Profit Corporation,
      Defendant.

_____/

### CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this Summons and a copy of the COMPLAINT or
PETITION in this action on Defendant:

**CT CORPORATION SYSTEM
REGISTERED AGENT FOR WAL-MART STORES, INC.
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL  33324**

Each Defendant is required to serve written defenses to the COMPLAINT OR PETITION on:

**MARCELO MONTESINOS, ESQUIRE
THE LAW OFFICE OF MARCELO MONTESINOS**

Plaintiff's attorney, whose address is:

**2012 NORTH DIXIE HIGHWAY
PRINCETON PROFESSIONAL BUILDING
LAKE WORTH, FL 33460
TELEPHONE NO. (561) 721-1600
FACSIMILE NO. (561) 721-1602**

Within 20 days after service of this Summons on that Defendant, exclusive of the day of service,
and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiff or immediately thereafter. If a Defendant fails to do so, a default will be entered against
that Defendant for the relief demanded in the COMPLAINT or PETITION.

Dated on: _____

_____
Deputy Clerk

Filing # 95177259 E-Filed 09/04/2019 06:35:40 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

ROSENDO GAVILANES,
     Plaintiff,

vs.

WALMART INC., a Foreign Profit Corporation,
     Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff,  ROSENDO GAVILANES, by and through his undersigned attorney, sue the Defendant, WALMART, INC., for damages, and alleges:

1.     This is an action for damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

2.     At all times material hereto, Plaintiff, ROSENDO GAVILANES, was a resident of Palm Beach County, Florida.

3.     At all times material hereto, Defendant, WALMART INC., was a foreign profit corporation, authorized to do business in the State of Florida, which owned and operated a store located at 4375 Belvedere Road, West Palm Beach, FL 33406, and maintains its home office in Bentonville, Arkansas.

4.     Jurisdiction of this cause lies in the State of Florida, more specifically in the County of Palm Beach, in view of F.S. 48.193, since it is alleged that the Defendant committed a tort in the County of Palm Beach, State of Florida.

5.     At all times material hereto Plaintiff, ROSENDO GAVILANES, was a business invitee of the Defendant's on August 4, 2016, at the aforementioned location.

6.     At all times material hereto, Defendant, WALMART INC., through its agents, servants and employees, controlled, operated and maintained the property located at the aforementioned location.

7.     On August 4, 2016, Plaintiff, ROSENDO GAVILANES, went and remained onto the above-described property owned by the Defendant, WALMART INC., for the purpose of shopping, and therefore, was at all times herein a business invitee of said Defendant.  While shopping inside the store, Plaintiff, ROSENDO GAVILANES slipped and fell due to the floor being unreasonably wet/slippery. The floor had no signs alerting the customers. Plaintiff, ROSENDO GAVILANES, was injured as a result of the negligence of the Defendant and/or its employees, who, within the course and scope of their

1

employment, created a dangerous condition and failed to maintain the premises in a reasonable safe condition, causing Plaintiff's injuries as hereinafter described.

8.      The dangerous condition was known to said Defendant or had existed for a sufficient length of time so that Defendant should have known of it and further should have known of its dangerous propensity through reasonable inspection.

9.      Furthermore, the Defendant, WALMART, INC., owed a duty to the Plaintiff, ROSENDO GAVILANES, to warn Plaintiff of dangerous and defective conditions known to said Defendant or which should have been known to Defendant by reasonable inspection and Defendant breached this duty by failing to adequately warn Plaintiff of said condition.

10.      As a direct and proximate result of the negligence of Defendant, WALMART, INC., the Plaintiff, ROSENDO GAVILANES, was permanently injured in and about his body and extremities.  He has in the past and will in the future sustain great mental and physical pain and suffering.  He sustained aggravation of a pre-existing condition. He has in the past and will in the future incur a loss of earning capacity. He has in the past and will in the future incur obligations for large sums of money for doctors and related medical care and attention.

**WHEREFORE,** Plaintiff, ROSENDO GAVILANES, demands judgment against the Defendant, WALMART INC., for damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), and further demands a trial by jury as to all triable issues.

DATED: **September 4th, 2019.**

The Law Office of Marcelo Montesinos
Princeton Professional Building
2012 North Dixie Highway
Lake Worth, Florida  33460
(561) 721-1600 Telephone
(561) 721-1602 Facsimile
PE: pleadings@montesinoslaw.com
SE: marcelo@montesinoslaw.com

/s/ Marcelo Montesinos, Esquire

_____

Marcelo Montesinos, Esquire
Florida Bar No.: 0126519

2

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

ROSENDO GAVILANES,
     Plaintiff,

vs.

WALMART INC., a Foreign Profit Corporation,
     Defendant.
_____/

## DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516

Plaintiffs, ROSENDO GAVILANES, by and through the undersigned counsel hereby designated, pursuant to Rule 2.516, the following e-mail addresses for the purpose of service of all documents required to be served pursuant to Rule 2.516 in this proceeding upon the following:

**Primary E-mail Addresses:**     **pleadings@montesinoslaw.com**

**Secondary E-mail Address:**     **marcelo@montesinoslaw.com**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished via process service this _____day of _____ 2019 to Defendant, Walmart Inc., Registered Agent: CT Corporation System, 1200 S Pine Island Rd., Plantation, FL 33324.

The Law Office of Marcelo Montesinos
Princeton Professional Building
2012 North Dixie Highway
Lake Worth, Florida 33460
(561) 721-1600 Telephone
(561) 721-1602 Facsimile

   /s/ Marcelo Montesinos_____
Marcelo Montesinos, Esquire
Florida Bar No.: 0126519

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AG
CASE NO. 50-2019-CA-011441-XXXX-MB

ROSENDO GAVILANES,
      Plaintiff/Petitioner
vs.
WALMART INC,
      Defendant/Respondent.
_____/

## ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE UPON DEFENDANT(S)

**THIS CAUSE** came before the Court upon a sua sponte review of the court file. One hundred and twenty (120) days has elapsed since the filing of the complaint, the Defendant(s) has not been served with process, and no court order extending the time has been entered.

**IT IS HEREBY ORDERED** that pursuant to Florida Rule of Civil Procedure 1.070(j), the Plaintiff is directed, within 20 days from the date of this order, to either serve process on the Defendant(s) or file a motion showing good cause or excusable neglect why the Defendant(s) has not yet been served with process. In the event that Plaintiff elects to file a motion for good cause or excusable neglect, the Plaintiff shall set the same motion for hearing on the Uniform Motion Calendar and the hearing shall occur no later than 55 days from the date of this Order. Plaintiff shall make a good faith effort to provide notice to all parties named herein.

Failure to comply with this Order in the time frames set forth above shall result in an Order of Dismissal of the case against the unserved Defendant(s).

**DONE AND ORDERED**, in West Palm Beach, Palm Beach County, Florida this 14th day of January, 2020.

50-2019-CA-011441-XXXX-MB    01/14/2020
Donald Hafele
Judge

**COPIES TO:**

| | | |
|---|---|---|
| THE LAW OFFICE OF | MARCELO U. | pleadings@montesinoslaw.com |
| MARCELO MONTESINOS | MONTESINOS ESQ | marcelo@montesinoslaw.com |
| | 2012 N DIXIE HWY | cp@montesinoslaw.com |
| | LAKE WORTH, FL 33460 | montema@aol.com |

Page 1 of 1

Filing # 95177259 E-Filed 09/04/2019 06:35:40 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

ROSENDO GAVILANES,
    Plaintiff,

vs.

WALMART INC., a Foreign Profit Corporation,
    Defendant.
_____/

## NOTICE OF SERVING INTERROGATORIES TO DEFENDANT

**COMES NOW** the Plaintiff, ROSENDO GAVILANES by and through his undersigned counsel, hereby gives notice, that pursuant to Florida Rule of Civil Procedure 1.340 the original interrogatories numbered 1 through 21, directed to the Defendant, WALMART INC., have been furnished to said defendant by service of process.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished via process service this _____ day of _____ 2019 to Defendant, Walmart Inc., Registered Agent: CT Corporation System, 1200 S Pine Island Rd., Plantation, FL 33324.

The Law Office of Marcelo Montesinos
Princeton Professional Building
2012 North Dixie Highway
Lake Worth, Florida  33460
(561) 721-1600 Telephone
PE: pleadings@montesinoslaw.com
SE: marcelo@montesinoslaw.com

/s/ Marcelo Montesinos, Esquire
_____
Marcelo Montesinos, Esquire
Florida Bar No.: 0126519
1

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

ROSENDO GAVILANES,
     Plaintiff,

vs.

WALMART INC., a Foreign Profit Corporation,
     Defendant.
_____/

## REQUEST TO PRODUCE TO DEFENDANT

**COMES NOW** the Plaintiff, ROSENDO GAVILANES, by and through his

undersigned counsel, and pursuant to the Florida Rules of Civil Procedure, requests the

Defendant to produce the following for inspection and/or copying, at The Law Office of

Marcelo Montesinos:

(**PLEASE NOTE**: If unable to furnish originals of any photographs requested herein,

please provide laser copies, the expense for which to be borne by the undersigned.)

1.     Any and all photographs and/or videotapes of the Plaintiff.

2.     Any and all photographs, videotapes, models, plats, maps, drawings, and/
or motion pictures showing the area in which Plaintiff fell as outlined in
the Complaint, parties involved in, or pertaining to the subject incident,
occurrence or issues in this cause.

1

3.      Copies of any and all writings, recordings, memoranda, notes or other

materials reflecting statements made by the parties or witnesses

concerning any issues in this cause.

4.      Any and all incident reports and the like completed by store personnel

following the subject incident, occurrence or issue in this case.

5.      Your entire file, minus any work product, concerning any and all

inspections made and/or maintenance performed on the grocery store as

described in Plaintiff's Complaint which is the subject of this lawsuit

covering a two-year period prior to the incident to date.

In support of this request, Plaintiff would show that he is unable to obtain the

materials without undue expense and hardship.  The articles are in the sole or exclusive

possession of the Defendant, Defendant's agents, or attorneys, and such items are

necessary for the Plaintiff to properly prepare his case.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished via process

service this _____day of _____ 2019 to Defendant, Walmart Inc., Registered

Agent: CT Corporation System, 1200 S Pine Island Rd., Plantation, FL 33324.

> The Law Office of Marcelo Montesinos
> Princeton Professional Building
> 2012 North Dixie Highway
> Lake Worth, Florida  33460
> (561) 721-1600 Telephone
> (561) 721-1602 Facsimile
> PE: pleadings@montesinoslaw.com
> SE: marcelo@montesinoslaw.com
> /s/ Marcelo Montesinos, Esquire
> _____
>
> Marcelo Montesinos, Esquire
> Florida Bar No.: 0126519

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2019-CA-011441-XXXX-MB

ROSENDO GAVILANES,
      Plaintiff,

vs.

WALMART, INC., a Foreign Profit Corporation,
      Defendant.
_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this Summons and a copy of the COMPLAINT or PETITION in this action on Defendant:

**WALMART, INC.**
**C/O CT CORPORATION SYSTEM -REGISTERED AGENT**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

Each Defendant is required to serve written defenses to the COMPLAINT OR PETITION on:

**MARCELO MONTESINOS, ESQUIRE**
**THE LAW OFFICE OF MARCELO MONTESINOS**

Plaintiff's attorney, whose address is:

**2012 NORTH DIXIE HIGHWAY**
**PRINCETON PROFESSIONAL BUILDING**
**LAKE WORTH, FL 33460**
**TELEPHONE NO. (561) 721-1600**
**FACSIMILE NO. (561) 721-1602**

Within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the COMPLAINT or PETITION.

Dated on: **Feb 11 2020**

**SHARON R. BOCK**

Deputy Clerk

**JOSIE LUCCE**

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2019-CA-011441-XXXX-MB

ROSENDO GAVILANES,
      Plaintiff,

vs.

WALMART, INC., a Foreign Profit Corporation,
      Defendant.
_____/

## MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT WALMART, INC.

Plaintiff, ROSENDO GAVILANES, pursuant to Florida Rule of Civil Procedure 1.090(b), files this Motion for Extension of Time to Serve Defendant, WALMART, INC., a Foreign Profit Corporation:

1.      Plaintiff's attempt to effectuate service of process will expire per court order on February 10, 2020.

2.      Summons has been improperly submitted through the E-File portal on several attempts, which have not allowed Summons to be properly issued to Defendant, Walmart, Inc.

3.      Florida Rules of Civil Procedure 1.070 and 1.090 authorize the Court to grant an extension of time to complete service of process where necessary to effectuate service over a Defendant.

4.      Attorneys for the Plaintiff have amended the originally filed Complaint in order to perfect service as outlined in Florida Statute 48.181.

5.      Accordingly, Plaintiff requests an additional 120-day extension to complete service over the Defendant or in the alternative, substitute service on Defendant.

6.      Plaintiff's requested extension is not intended for delay.

WHEREFORE, Plaintiff asks this Court to grant Plaintiff's Motion for Extension of Time to Serve Defendant, WALMART, INC., a Foreign Profit Corporation.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing has been filed via E-File portal this

<u>10th</u> day of February 2020.

The Law Office of Marcelo Montesinos
Princeton Professional Building
2012 North Dixie Highway
Lake Worth, Florida 33460
(561) 721-1600 Telephone
(561) 721-1602 Facsimile

<u>/s/ Marcelo Montesinos, Esquire</u>
Marcelo Montesinos, Esquire
Florida Bar No.: 0126519

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2019-CA-011441-XXXX-MB

ROSENDO GAVILANES,
      Plaintiff,

vs.

WALMART, INC., a Foreign Profit Corporation,
      Defendant.
_____/

## AMENDED COMPLAINT

**COMES NOW**, Plaintiff, ROSENDO GAVILANES, by and through his undersigned attorney, sue the Defendant, WALMART, INC., for damages, and alleges:

1.      This is an action for damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00).

2.      At all times material hereto, Plaintiff, ROSENDO GAVILANES, was a resident of Palm Beach County, Florida.

3.      At all times material hereto, Defendant, WALMART INC., was a foreign profit corporation, authorized to do business in the State of Florida, which owned and operated a store located at 4375 Belvedere Road, West Palm Beach, FL 33406, and maintains its home office in Bentonville, Arkansas.

4.      Jurisdiction of this cause lies in the State of Florida, more specifically in the County of Palm Beach, in view of F.S. 48.193, since it is alleged that the Defendant committed a tort in the County of Palm Beach, State of Florida.

5.      At all times material hereto Plaintiff, ROSENDO GAVILANES, was a business invitee of the Defendant's on August 4, 2016, at the aforementioned location.

6.      At all times material hereto, Defendant, WALMART, INC., through its agents, servants and employees, controlled, operated and maintained the property located at the aforementioned location.

7.      On August 4, 2016, Plaintiff, ROSENDO GAVILANES, went and remained onto the above-described property owned by the Defendant, WALMART INC., for the purpose of shopping, and therefore, was at all times herein a business invitee of said Defendant. While shopping inside the store, Plaintiff, ROSENDO GAVILANES slipped and fell due to the floor being unreasonably wet/slippery. The floor had no signs alerting the customers. Plaintiff, ROSENDO GAVILANES, was injured as a result of the negligence of the Defendant and/or its employees, who, within the course and scope of their

1

employment, created a dangerous condition and failed to maintain the premises in a reasonable safe condition, causing Plaintiff's injuries as hereinafter described.

8.      The dangerous condition was known to said Defendant or had existed for a sufficient length of time so that Defendant should have known of it and further should have known of its dangerous propensity through reasonable inspection.

9.      Furthermore, the Defendant, WALMART, INC., owed a duty to the Plaintiff, ROSENDO GAVILANES, to warn Plaintiff of dangerous and defective conditions known to said Defendant or which should have been known to Defendant by reasonable inspection and Defendant breached this duty by failing to adequately warn Plaintiff of said condition.

10.     As a direct and proximate result of the negligence of Defendant, WALMART, INC., the Plaintiff, ROSENDO GAVILANES, was permanently injured in and about his body and extremities.  He has in the past and will in the future sustain great mental and physical pain and suffering.  He sustained aggravation of a pre-existing condition. He has in the past and will in the future incur a loss of earning capacity. He has in the past and will in the future incur obligations for large sums of money for doctors and related medical care and attention.

**WHEREFORE,** Plaintiff, ROSENDO GAVILANES, demands judgment against the Defendant, WALMART INC., for damages in excess of THIRTY THOUSAND DOLLARS ($30,000.00), and further demands a trial by jury as to all triable issues.

DATED: **February 10th, 2020.**

The Law Office of Marcelo Montesinos
Princeton Professional Building
2012 North Dixie Highway
Lake Worth, Florida  33460
(561) 721-1600 Telephone
(561) 721-1602 Facsimile
PE: pleadings@montesinoslaw.com
SE: marcelo@montesinoslaw.com

/s/ Marcelo Montesinos, Esquire

_____

Marcelo Montesinos, Esquire
Florida Bar No.: 0126519

2

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2019-CA-011441-XXXX-MB

ROSENDO GAVILANES,
     Plaintiff,

vs.

WALMART, INC., a Foreign Profit Corporation,
     Defendant.
_____/

### NOTICE OF HEARING
Telephonic Uniform Motion Calendar

YOU ARE HEREBY NOTIFIED that the above-styled cause is set down for hearing upon the following:

| | |
|---|---|
| JUDGE: | Honorable Donald W. Hafele |
| ADDRESS: | Palm Beach County Courthouse<br>205 N. Dixie Highway;<br>Courtroom 10D<br>West Palm Beach, FL 33401 |
| DATE: | Tuesday, April 14, 2020     TIME: 8:45 AM |
| MATTER: | Motion for Extension of Time to Serve Defendant, Walmart, Inc. |

### CERTIFICATE OF SERVICE
**I HEREBY CERTIFY** that the foregoing has been filed via E-File portal this **7th** day of

April 2020.

The Law Office of Marcelo Montesinos
Princeton Professional Building
2012 North Dixie Highway
Lake Worth, Florida 33460
(561) 721-1600 Telephone
(561) 721-1602 Facsimile

/s/ Marcelo Montesinos, Esquire
Marcelo Montesinos, Esquire
Florida Bar No.: 0126519

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2019-CA-011441-XXXX-MB

ROSENDO GAVILANES,
     Plaintiff,

vs.

WALMART, INC., a Foreign Profit Corporation,
     Defendant.

_____/

## AGREED ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT, WALMART, INC.

**THIS CAUSE** having come before the Court upon the Plaintiff's Motion for Extension of Time to Serve Defendant, Walmart, Inc and the Court being fully advised in the premises, it is thereupon.

**ORDERED AND ADJUDGED,** that Plaintiff's Motion for Extension of Time to Serve Defendant, Walmart, Inc. is hereby ***granted.***

**DONE AND ORDERED** in Chambers, at Palm Beach County, Florida.

50-2019-CA-011441-XXXX-MB   05/12/2020
Donald Hafele
Judge

Copies furnished:

**MARCELO MONTESINOS, ESQUIRE,** The Law Office of Marcelo Montesinos,
Princeton Professional Building, 2012 North Dixie Highway, Lake Worth, Florida 33460,
marcelo@montesinoslaw.com & pleadings@montesinoslaw.com.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2019-CA-011441-XXXX-MB

ROSENDO GAVILANES,
      Plaintiff,

vs.

WALMART, INC., a Foreign Profit Corporation,
      Defendant.
_____/

### AGREED ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT, WALMART, INC.

    **THIS CAUSE** having come before the Court upon the Plaintiff's Motion for Extension of Time to Serve Defendant, Walmart, Inc and the Court being fully advised in the premises, it is thereupon.

    **ORDERED AND ADJUDGED,** that Plaintiff's Motion for Extension of Time to Serve Defendant, Walmart, Inc. is hereby ***granted.***

    **DONE AND ORDERED** in Chambers, at Palm Beach County, Florida.

50-2019-CA-011441-XXXX-MB  05/12/2020
Donald Hafele
Judge

Copies furnished:

**MARCELO MONTESINOS, ESQUIRE,** The Law Office of Marcelo Montesinos,
Princeton Professional Building, 2012 North Dixie Highway, Lake Worth, Florida 33460,
marcelo@montesinoslaw.com & pleadings@montesinoslaw.com.

## VERIFIED RETURN OF SERVICE

**State of Florida**                    **County of Palm Beach**                    **15th Judicial Court**

Case Number: 50-2019-CA-011441-XXXX-MB

Plaintiff:
**ROSENDO GAVILANES**

vs.

Defendant:
**WALMART, INC., a Foreign Profit Corporation**

For:
Marcelo Montesinos
Montesinos & Associates, P.A.
2012 N. Dixie Hwy.
Lake Worth, FL 33460

Received by General Services Bureau, LLC on the 13th day of May, 2020 at 9:41 am to be served on **WALMART, INC., C/O CORPORTION SYSTEM, REGISTERED AGENT, 1200 S. PINE ISLAND RD., PLANTATION, FL 33324.**

I, Marty Wade, do hereby affirm that on the **13th day of May, 2020** at **2:35 pm, I:**

served a CORPORATION by delivering a true copy of the **CIVIL ACTION SUMMONS, AMENDED COMPLAINT, DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516, REQUEST TO PRODUCE TO DEFENDANT, NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, INTERROGATORIES** with the date and hour of service endorsed thereon by me, to: **Donna Moch (CT Corporation) as Registered Agent** for **WALMART, INC.**, at the address of: **1200 South Pine Island Road, Plantation, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 45, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 155, Hair: Black, Glasses: N

## <u>VERIFIED RETURN OF SERVICE For 50-2019-CA-011441-XXXX-MB</u>

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server, in good standing, in the judicial circuit in which this process was served. Pursuant to Florida Statutes 92.525, and under the penalty of perjury, I declare the facts set forth in the foregoing affidavit are true and correct.

Marty Wade
SPS # 280

**General Services Bureau, LLC**
**P.O. Box 924**
**Palm Beach, FL 33480-0924**
**(561) 833-6587**

Our Job Serial Number: GSB-2020001907
Ref: GSB-

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8 1g

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO.: 50-2019-CA-011441XXXXMB

ROSENDO GAVILANES,

      Plaintiff,

v.

WALMART, INC., a Foreign Profit
Corporation,

      Defendant.

_____/

## DEFENDANT'S ANSWER,
## AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL
## TO PLAINTIFF'S AMENDED COMPLAINT

      Defendant, WALMART, INC., by and through undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.110, hereby serves its Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Amended Complaint, as follows:

### ANSWER

      1.    This Defendant admits the allegations contained in Paragraphs 3 and 6 of the Amended Complaint to the extent that this Defendant acknowledges that it was a foreign for profit corporation that was authorized to do and doing business in Broward County, Florida at the time of the alleged incident, and that it was in possession, custody and general control of the Wal-Mart located at 4375 Belvedere Road, West Palm Beach, FL 334056 at the time of the alleged incident. However, this Defendant does not yet

know the complete facts and circumstances of the alleged incident and therefore cannot admit or deny that it controlled the particular cause of the Plaintiff's injury at the time of the alleged incident.

2.      This Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraphs 2 and 5 of the Amended Complaint and the allegations contained in these paragraphs are, therefore, denied and strict proof is demanded thereof.

3.      This Defendant admits the allegations contained in Paragraph 9 of the Amended Complaint to the extent that this Defendant acknowledges that it was responsible for maintaining the premises in a manner consistent with applicable law. This paragraph is denied to the extent the allegations allege or imply a duty beyond what is owed under the law and facts of this particular case.

4.      This Defendant denies each and every allegation contained in Plaintiff's Amended Complaint that is not specifically admitted herein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.      The Plaintiff was guilty of negligence, which negligence was the sole and legal cause of the accident described in the Amended Complaint, thereby barring all claims, or in the alternative, such negligence contributed to the accident and alleged damages, thus requiring an apportionment of Plaintiff's damages according to Plaintiff's degree of fault.   Furthermore, to the extent Plaintiff was under the influence of any

alcoholic beverage or drug and was more than 50% at fault for his own harm, Plaintiff's claim would be barred by Section 768.36, Florida Statutes.

2.      There were sufficient intervening and superseding causes, including the negligence of other persons, parties or entities, to which this Defendant had no control. In accordance with section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages as the Doctrine of Joint and Several Liability has been abolished.

The subject parties that may be liable are the co-defendants named in this or any prior or subsequent complaint, and this Defendant incorporates by reference the allegations made against them in the Amended Complaint.  Should the Plaintiff settle with or dismiss any or all of these named co-defendants, then the Defendant would adopt and incorporate these same allegations against them.

The subject non-parties that may be liable include the customer who created the condition upon which Plaintiff allegedly slipped and this Defendant hereby names that customer as a *Fabre* Defendant.

3.      Plaintiff has received or is entitled to receive payments from collateral sources as identified by section 768.76, Florida Statutes.  To the extent that subrogation rights do not exist or have been waived, the Defendant is entitled to a set-off for any collateral sources paid to or on behalf of the Plaintiff and/or as allowed by Section 768.041, Florida Statutes.

4.      The accident in question and damages alleged were proximately caused by the negligence of other persons and/or entities not subject to this Defendant's control.  In accordance with section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages under the modification of the Doctrine of Joint and Several Liability.

5.      Plaintiff failed to mitigate or minimize his damages, if any.

6.      The Defendant is entitled to a set-off of all sums or money, settlement, judgment or otherwise received by the Plaintiff from any other party or non-party to this action.

7.      The cause of any damages to Plaintiff was open and obvious and Plaintiff expressly assumed the ordinary risk incident to this.   The accident and damages complained of by Plaintiff in his Amended Complaint was due to the ordinary risk expressly assumed by the Plaintiff.

8.      Plaintiff, failed to take ordinary and reasonable care in conducting  on the premises.  Plaintiff's failure to use all ordinary care and reasonable care was the direct and proximate cause of Plaintiff's damages.

9.      This Defendant had insufficient notice regarding the problems complained of by Plaintiff.  Any and all conditions complained of by Plaintiff existed for such a short period of time that there was no notice to this Defendant so that corrective action could be taken.   Defendant further avails itself all defenses burdens required of plaintiffs pursuant to Section 768.0755, Florida Statutes (July 1, 2010).

10.    If discovery reveals that at the time and place of the accident complained of Plaintiff was either a trespasser or an uninvited licensee, then Defendant would not owe Plaintiff the duty or duties alleged in the Complaint.  Furthermore, Defendant is entitled to all defenses and immunities provided for in Section 768.075, Florida Statutes, relating to trespassers under the influence, or discovered, or committing acts.

11.    Defendant's mode of operation/maintenance was reasonable and adequate at its premises.

12.    At the time and place complained of, person or persons not operating under the control and consent of this Defendant so carelessly and negligently conducted themselves so as to cause the alleged accident, injuries and damages, and such negligence was the sole and proximate cause of the accident, thus barring all claims for damages against the Defendant.

13.    Any disability, disfigurement or injury claims alleged by Plaintiff, are a result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any alleged acts of negligence of third parties.

14.    If discovery reveals Plaintiff to be a borrowed servant and/or statutory employee, then this action and said claims are barred by the Doctrine of Worker's Compensation Immunity, Section 440.11, Florida Statutes.

15.    Defendant avails itself of all statutory defenses and burdens of proof required by Florida law, FAC or Federal law, including but not limited to Chapters 324, 768 and 627, Florida Statutes.

16.    Plaintiff has failed to mitigate damages because: the medical bills are not reasonable and/or necessary; the billing is excessive; the treatment and/or billing was not casually related to the accident; the medical providers have engaged in conduct (excessive billing or treatment) which was not reasonably foreseeable; Plaintiff had health insurance and treated under a Letter of Protection, which is void against public policy and Defendant is entitled to a write-down or setoff pursuant to Section 641.3154, Florida Statutes and *Marion v. Orlando*, 2009 W.L. 7582985 (Fla. Cir. Ct. 2009). Additionally, if Plaintiff is a Medicare beneficiary, then Defendant is entitled to a write-down or setoff under the Medicare fee schedule.

17.    Defendant asserts that the Plaintiff's past and future damages are reduced or offset by the amount of any governmental or charitable benefits available and further, that the Defendant is entitled to an offset by any and all payments which have been made or will be made to the Plaintiff as a result of the injuries alleged in the Amended Complaint.

18.    Defendant asserts that it is entitled  to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses or negotiated agreement to pay medical bills or other  expenses in the future pursuant to the law of collateral source setoffs and <u>Goble v. Frohman</u>, 901 So.2d 830 (Fla. 2005). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses incurred but waived or not  actually incurred by the Plaintiff.

19.    The collateral source rule is no longer applicable, because the Patient Protection and Affordable Care Act mandates that all persons obtain health insurance. Therefore, evidence relating to collateral source benefits received in the past and available in the future to Plaintiff's statutory survivors is admissible and such collateral source benefits shall offset and reduce any past or future economic damages awarded.

20. To the extent that Plaintiff's statutory survivors fail to comply with the mandate of the Patient Protection and Affordable Care Act to obtain health insurance, Plaintiff's survivors have failed to mitigate their damages and Plaintiff's recovery must be reduced by the amount attributable to such failure.

## **DEMAND FOR JURY TRIAL**

Defendant demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff should take nothing by this action and Defendant should go hence without day.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record listed on the attached Service List, this **1st** day of June, 2020.

LUKS, SANTANIELLO, PETRILLO & COHEN
Attorneys for Defendant
110 SE 6TH STREET, 20TH FLOOR
FORT LAUDERDALE, FL 33301
Telephone:  (954) 761-9900
Facsimile:  (954) 761-9940

By: */s/ Dorsey Miller*
    DANIEL J. SANTANIELLO
    Florida Bar No.: 860948
    DORSEY MILLER
    Florida Bar No.:  580309
    LUKSFLL-Pleadings@LS-Law.com

## **SERVICE LIST**

Marcelo Montesinos, Esq.
The Law Office of Marcelo Montesinos
Princeton Professional Bldg.
2012 North Dixie Highway
Lake Worth, Florida 33460
pleadings@montesinoslaw.com; marcelo@montesinoslaw.com